UNITED STATES DISTRICT COURT
FOR THE EASTERN DISRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
2010 AUG -4  P 1: 24
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| DARWIN SELECT INSURANCE COMPANY <br> 9 Farm Springs Road <br> Farmington, CT 06032, <br><br> Plaintiff, <br><br> v. <br><br> THE MEDICAL TEAM, INC. <br> 1850 Centennial Park <br> Reston, VA 20191, <br><br> Defendant. | CIVIL ACTION NO. 1:10CV873 AJT/JFA |

## COMPLAINT

Plaintiff, Darwin Select Insurance Company ("Darwin"), for its Complaint for Declaratory Judgment and Unjust Enrichment alleges as follows:

## INTRODUCTION

1. Darwin issued Health Care Organization Professional and General Liability Insurance Policy No. 0303-8852 to The Medical Team, Inc. ("The Medical Team") for the Policy Period March 31, 2008 to March 31, 2009 (the "Darwin Policy"). Prior to March 31, 2008, The Medical Team was insured by another insurance company.

2. On information and belief, The Medical Team was hired to provide in-home 24-hour health care for Ofelia Escobar, who had Alzheimer's disease and other health issues. Alma Berlanga, a home health aid and employee of The Medical Team, cared for Ms. Escobar.

3. On February 28, 2006, several representatives of The Medical Team were called to the home of Ofelia Escobar and her daughter, Irma Escobar, to watch a videotape recorded the previous day. The tape apparently showed Ms. Escobar being physically abused and berated by Ms. Berlanga. Among other things, the video apparently showed Ms. Berlanga repeatedly slapping Ms. Escobar in the face; Ms. Berlanga force-feeding Ms. Escobar, including by jamming a spoon down her throat; Ms. Berlanga yanking Ms. Escobar's hands away when she attempted to protect herself from Ms. Berlanga's assaults; Ms. Berlanga allowing Ms. Escobar to dangle in a lift without support; and Ms. Berlanga verbally abusing Ms. Escobar.

4. The police were called and immediately issued a warrant for Ms. Berlanga's arrest. According to the police report, Ms. Berlanga was arrested the same day. On information and belief, Ms. Berlanga was convicted of Injury to a Child, Elderly Person, or Disabled Person, which is a third-degree felony in Texas. Ms. Berlanga was sentenced to five years in prison.

5. Darwin was not informed, nor was this event disclosed to Darwin in connection with the procurement of the Darwin Policy. On information and belief, notice of the events described above was provided to James River Insurance Company ("James River"), the previous carrier on the risk, in March 2006.

6. By letter dated October 15, 2008, the Escobar family's attorney sent a letter to The Medical Team requesting insurance information and seeking $2.5 million in damages. Shortly thereafter, on or about October 22, 2008, Darwin was provided notice of the claim for the first time. By letter dated December 9, 2008, The Medical Team responded to the October 15, 2008 demand letter, stating that The Medical Team disputed

- 3 -

and denied all allegations.

7. The lawsuit captioned *Manuel Escobar, et al. v. The Medical Team, Inc., et al.*, Cause No. D-1-GN-10-000612 (the "*Escobar* Action") was filed on or about February 26, 2010 in Texas state court. The Complaint names The Medical Team and four individuals, all of whom are alleged to be employees of The Medical Team, as defendants. Darwin has paid and continues to pay for the defense of the *Escobar* Action, subject to an express reservation of its rights to recover any and all such payments.

8. Darwin now brings this action seeking a declaration that the Darwin Policy does not provide coverage for the *Escobar* Action, and the recovery of all sums paid to defend The Medical Team and its employees against the *Escobar* Action.

## PARTIES

9. Plaintiff Darwin is a corporation organized under the laws of Arkansas, with its principal place of business located in Farmington, Connecticut, and is authorized to conduct business in Virginia.

10. Defendant The Medical Team is a Virginia corporation with its principal place of business in Reston, Virginia.

## JURISDICTION AND VENUE

11. This is an action for declaratory judgment and other relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, for the purposes of determining a question of actual controversy between the parties.

12. This action is currently ripe for adjudication.

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332,

2201, and 2202. There is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Defendant The Medical Team maintains its principal place of business in this District, and a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## FACTUAL BACKGROUND

### The *Escobar* Action

15. Upon information and belief, the Escobar family contracted with The Medical Team to provide in-home 24-hour health care for their mother who had Alzheimer's disease and other health issues. Ms. Berlanga was a home health aid and employee of The Medical Team who was assigned to care for Ms. Escobar.

16. On information and belief, in November 2005, Ms. Escobar's daughter, Irma Escobar, notified The Medical Team that Ms. Escobar had been injured; specifically, that Ms. Escobar had an eye infection, a broken nose and scratches on her face. Irma Escobar apparently suspected that the injuries were caused by Ms. Berlanga.

17. On information and belief, an employee of The Medical Team suggested that Irma Escobar videotape the care being provided to Ms. Escobar.

18. On information and belief, in January 2006, Ms. Berlanga was provided with additional training as per the request of Irma Escobar. During the training Ms. Berlanga denied that she has ever harmed Ms. Escobar.

19. On February 28, 2006, several representatives of The Medical Team were called to the home of Ms. Escobar and Irma Escobar to watch a videotape recorded the

previous day. On information and belief, the tape showed Ms. Escobar being physically abused by Ms. Berlanga. Among other things, the video apparently showed Ms. Berlanga repeatedly slapping Ms. Escobar in the face; Ms. Berlanga force-feeding Ms. Escobar, including by jamming a spoon down her throat; Ms. Berlanga yanking Ms. Escobar's hands away when she attempted to protect herself from Ms. Berlanga's assaults; Ms. Berlanga allowing Ms. Escobar to dangle in a lift without support; and Ms. Berlanga verbally abusing Ms. Escobar.

20. On information and belief, the police were called the same day and they indicated that they had enough evidence to issue a warrant for Ms. Berlanga's arrest. On information and belief, Ms. Berlanga was arrested the same day.

21. Ms. Berlanga was convicted of Injury to a Child, Elderly Person, or Disabled Person, which is a third-degree felony in Texas. Ms. Berlanga was sentenced to five years in prison.

22. On information and belief, the circumstances described above were reported to James River, which insured the Medical Team at the time, on March 3, 2006. A copy of the facsimile cover sheet from The Medical Team's insurance broker to James River is attached to this Complaint as Exhibit A.

23. By letter dated October 15, 2008, the Escobar family's attorney sent a letter to The Medical Team requesting insurance information and seeking $2.5 million in damages (the "Demand Letter"). A copy of the Demand Letter is attached to this Complaint as Exhibit B.

24. On or about October 22, 2008, Darwin was provided with notice of the claim for the first time.

25. By letter dated December 9, 2008, The Medical Team responded to the October 15, 2008 demand letter, advising the Escobar family that The Medical Team disputed and denied all allegations. A copy of The Medical Team's response to the Demand Letter is attached to this Complaint as Exhibit C.

26. By e-mail dated January 9, 2009, Darwin confirmed prior discussions concerning potential coverage issues raised by the Demand Letter and advised that, were a suit to be filed, it would provide a formal coverage position. A copy of this e-mail is attached to this Complaint as Exhibit D.

27. The *Escobar* Action was filed on or about February 26, 2010 in Texas state court. The Complaint names The Medical Team, and four individuals, all of whom are alleged to be employees of The Medical Team, as defendants. A copy of the complaint in the *Escobar* Action is attached to this Complaint as Exhibit E.

28. The *Escobar* Action asserts causes of action for breach of contract, fraud and breach of express warranty. The *Escobar* Action plaintiffs seek actual damages, benefit of the bargain, exemplary damages, mental anguish, restitution, reliance damages, attorney's fees, costs of court and pre- and post-judgment interest at the highest rate allowable by law.

29. On or about March 8, 2010, Darwin received a copy of the *Esobar* Action. Darwin promptly retained counsel to protect the interests of The Medical Team, subject to a reservation of its rights, including the right to contest coverage and to seek reimbursement for any defense payments that it made.

30. By letter dated May 13, 2010, Darwin denied coverage for the *Escobar* Action on two grounds. Darwin explained in its letter that coverage for the *Escobar*

- 7 -

Action was precluded by two exclusions – Exclusion D.3, the Prior Acts Exclusion and Exclusion D.2, the Prior Notice Exclusion.

31. On information and belief, The Medical Team disagrees with Darwin's assessment of coverage under the Darwin Policy for the *Escobar* Action. Darwin has agreed to continue to provide a defense to The Medical Team for the *Escobar* Action pending a resolution of this coverage dispute and subject to a reservation of its rights to recoup any amounts it incurs in connection with The Medical Team's defense.

## The Darwin Policy

32. Before obtaining coverage with Darwin, upon information and belief, The Medical Team was insured through James River. Upon information and belief, James River issued a policy of insurance to The Medical Team for the policy period March 31, 2005 to March 31, 2006 (the "James River Policy"). Upon information and belief, coverage with James River was renewed for the 2006-07 policy year and the 2007-08 policy year.

33. Darwin issued Health Care Organization Professional and General Liability Insurance Policy No. 0303-8852 to The Medical Team for the Policy Period March 31, 2008 to March 31, 2009. A copy of the Darwin Policy is attached to this Complaint as Exhibit F (application excluded).

34. The Darwin Policy provides Claims Made Professional Liability Coverage ("Professional Liability Part") for Loss and Defense Expenses in excess of the Deductible, which the Insured becomes legally obligated to pay as a result of a Claim alleging a Medical Professional Incident first made against the Insured during the Policy Period. *See* Exhibit F (Darwin Policy, Insuring Agreements, § I.A.). The Darwin Policy

is subject to a $2 million per Claim limit of liability, and a $4 million maximum aggregate limit of liability under the Professional Liability Part. *Id.* at Declarations, Item 3, Limit of Liability. This limit is subject to a $5,000 deductible for each and every Claim made under the Professional Liability Part. *Id.* at Declarations, Item 4, Deductible.

35. The Darwin Policy excepts from coverage any Claim based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:

> any acts, errors, omissions or Occurrences taking place prior to the earlier of:
>
> a. the Inception Date; or
>
> b. the Inception Date of the first policy issued by the Insurer to the Insured, of which this Policy is a renewal;
>
> if any Insured on or before such date knew or reasonably could have foreseen that such act, error, omission or Occurrence might result in a Claim.

Exhibit F (Darwin Policy, Exclusion D.3).

36. The Darwin Policy incepted on March 31, 2008. All of the alleged wrongdoing described in the *Escobar* Action complaint took place prior to this date. As described above, the abuse of Ms. Escobar by Ms. Berlanga was allegedly discovered on February 28, 2006; Ms. Berlanga was immediately arrested on felony charges; and Ms. Berlanga was convicted of Injury to a Child, Elderly Person, or Disabled Person in March 2008.

37. None of this information was disclosed to Darwin prior to the Darwin Policy's inception.

38. The Darwin Policy also excludes from coverage any Claim based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way

- 9 -

involving any acts, errors, omissions, Medical Professional Incidents, Occurrences, facts, matters, events, suits or demands notified or reported to, or in accordance with, any policy of insurance or policy or program of self-insurance in effect prior to the Inception Date of the Darwin Policy. Exhibit F (Darwin Policy, Exclusion D.2).

39. On information and belief, notice of the *Escobar* Action was provided to James River, the previous carrier on the risk.

## COUNT ONE

### (Declaratory Relief that the Darwin Policy Does Not Provide Coverage for the *Escobar* Action – The Prior Acts Exclusion)

40. Darwin repeats and realleges each and every allegation contained in Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Exclusion D.3 of the Darwin Policy provides that coverage under the Darwin Policy "shall not apply to any Claim based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving: . . . 3. any acts, errors, omissions or Occurrences taking place prior to the earlier of: a. the Inception Date; or b. the Inception Date of the first policy issued by the Insurer to the Insured, of which this Policy is a renewal; if any Insured on or before such date knew or reasonably could have foreseen that such act, error, omission or Occurrence might result in a Claim". Exhibit F (Darwin Policy, Exclusion D.3).

42. The Medical Team was aware of the abuse of Ms. Escobar in February 2006 and the arrest of one of its employees for committing that abuse, and knew or reasonably could have foreseen that this Occurrence might result in a Claim as evidenced, in part, by their reporting of the incident to James River at that time.

43. The *Escobar* Action, for which The Medical Team is seeking coverage under the Darwin Policy, involves the same allegations concerning the alleged abuse of Ms. Escobar that The Medical became aware of on or about February 28, 2006.

44. The *Escobar* Action, for which The Medical Team is seeking coverage under the Darwin Policy, is a Claim arising out of, directly or indirectly resulting from, in consequence of, or involving an act, error, omission or Occurrence taking place prior to the Darwin Policy's March 31, 2008 Inception Date, that the Insured knew or reasonably could have foreseen might be expected to result in a Claim.

45. By reason of the foregoing, Darwin is entitled to a judgment declaring that the Darwin Policy does not provide coverage for the *Escobar* Action.

## COUNT TWO

### (Declaratory Relief that the Darwin Policy Does Not Provide Coverage for the *Escobar* Action – The Prior Notice Exclusion)

46. Darwin repeats and realleges each and every allegation contained in Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Exclusion D.2 of the Darwin Policy provides that coverage under the Darwin Policy "shall not apply to any Claim based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving: . . . 2. any acts, errors, omissions, Medical Professional Incidents, Occurrences, facts, matters, events, suits or demands notified or reported to, or in accordance with, any policy of insurance or policy or program of self-insurance in effect prior to the Inception Date of this Policy." Exhibit F (Darwin Policy, Exclusion D.2).

48. The Medical Team reported the alleged abuse of Ms. Escobar to James

River, pursuant to a policy of insurance in effect prior to the inception of the Darwin Policy, as early as March 3, 2006.

49. The *Escobar* Action, for which The Medical Team is seeking coverage under the Darwin Policy, involves the same allegations concerning the alleged abuse of Ms. Escobar that The Medical Teams reported to James River on or about March 3, 2006.

50. The *Escobar* Action, for which The Medical Team is seeking coverage under the Darwin Policy, is a Claim arising out of, directly or indirectly resulting from, in consequence of, or involving an act, error, omission, Medical Professional Incident, Occurrence, fact, matter, event, suit or demand that was reported to James River, which issued a policy of insurance in effect prior to the inception date of the Darwin Policy.

51. By reason of the foregoing, Darwin is entitled to a judgment declaring that the Darwin Policy does not provide coverage for the *Escobar* Action.

## COUNT THREE

### (Unjust Enrichment)

52. Darwin repeats and realleges each and every allegation contained in Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. As more fully set forth above, the Darwin Policy does not provide coverage for the *Escobar* Action.

54. Darwin has paid and continues to pay Defense Expenses under the Darwin Policy in connection with the *Escobar* Action.

55. Darwin has appropriately reserved its rights to seek to recover any payments that it has made in connection with the *Escobar* Action.

56. Darwin has suffered a detriment and The Medical Team has received a

- 12 -

benefit to which it is not entitled as a result of Darwin's payments.

57. The Medical Team has been, and will continue to be, unjustly enriched by retaining for its own use and benefit the payments made by Darwin.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Darwin requests the following relief:

(1) A judgment declaring that the Darwin Policy does not provide coverage for the *Escobar* Action, and that Darwin has no obligation to make any payment for Loss, or to defend or pay Defense Expenses in connection with the *Escobar* Action;

(2) Restitution and other appropriate equitable relief for all amounts paid or advanced by Darwin under the Darwin Policy in connection with the *Escobar* Action pursuant to Darwin's full reservation of rights under the Darwin Policy;

(3) An award of those amounts paid or advanced by Darwin under the Darwin Policy in connection with the *Escobar* Action pursuant to Darwin's full reservation of rights under the Darwin Policy, and for all other compensatory and consequential damages sustained by Darwin, plus interest;

(4) An award of attorneys' fees and costs that Darwin has incurred in litigating this matter; and

(5) Such other and further relief as this Court deems just and proper.

Dated: August 3, 2010

Respectfully submitted,

*[signature: Kelly B. Thoerig]*

Charles A. Jones (VSB #37832)
TROUTMAN SANDERS LLP
401 9th Street, NW
Washington, DC 20004-2134
Telephone: (202) 662-2074
Facsimile: (202) 654-5822
tony.jones@troutmansanders.com

Kelly B. Thoerig (VSB #70847)
TROUTMAN SANDERS LLP
401 9th Street, NW
Washington, DC 20004-2134
Telephone: (202) 274-2919
Facsimile: (202) 654-5657
kelly.thoerig@troutmansanders.com

*Attorneys for Plaintiff*
Darwin Select Insurance Company